David Michael REID, Plaintiff and Third-Party Plaintiff,

v.

UNITED STATES of America, Defendant and Counterclaimant,

and

Southern Health Services of Kentucky, Inc. and Senatobia Community Hospital, Inc., Third-Party Defendants.

Civ. A. No. DC81–128–WK–O.

United States District Court,
N.D. Mississippi,
Delta Division.

March 10, 1983.

John H. Cocke, Clarksdale, Miss., for Reid.

Jack D. Warren, Tax Div., Dept. of Justice, Washington, D.C., for U.S.

R. Hal Meeks, Jr., Atlanta, Ga., for Southern Health & Senatobia Community Hosp.

F. Ewin Henson, III, Clarksdale, Miss., for Southern Health & Senatobia Community Hosp.

## MEMORANDUM ORDER

KEADY, District Judge.

In this tax refund case, plaintiff, David Michael Reid, sues defendant, United States of America, for a refund of $100 which was part of a 100% penalty assessed under 26 U.S.C. § 6672 against him as a responsible person who wilfully failed to pay withheld employment taxes over to the IRS. The United States counterclaimed against Reid for the balance of the 100% penalty. Reid then filed a third-party complaint against Senatobia Community Hospital, Inc. (Hospital) and Southern Health Services of Kentucky, Inc. (SHS)—the Hospital's management corporation—as the parties primarily responsible for paying these taxes to the government. The Court has before it the motion of third-party defendant SHS to dismiss plaintiff's third-party complaint for failure to state a claim upon which relief may be granted.

On March 12, 1980, the Commissioner of Internal Revenue Service assessed plaintiff for a 100% penalty in the amount of $54,-879.35. This amount represents withholding taxes owed by Hospital for the period of July 1, 1976, to June 30, 1977. At the time these taxes were withheld, Reid was the Hospital's director or administrative chief. The United States claims that in his role as hospital director, Reid was the person required to collect, account for, and pay over to the United States taxes withheld from the Hospital's employees' paychecks, and that he wilfully failed to pay over such funds to the government.

Although contesting the factual allegations, Reid contends, in his third-party complaint, that Hospital and SHS were the primary parties responsible for paying the taxes. Reid asserts that if he is held responsible for the penalty, the obligation of

Hospital and SHS will be reduced proportionately. Reid thus maintains he is entitled to indemnity from Hospital and SHS in such amount as he is held liable to the United States.

SHS argues the third-party complaint should be dismissed since SHS would not be liable to Reid under any theory, and Rule 14, Federal Rules of Civil Procedure precludes plaintiff from filing the third-party complaint. Rule 14 provides that "a defending party, as a third party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." SHS's position is that since the penalty provision of 26 U.S.C. § 6672 is separate and distinct from the original tax liability, SHS is not a party "who is or may be liable" to Reid for any part of the United States' claim against him. Reid contends, however, that SHS and Hospital had the primary liability for payment of the withholding taxes and that his own alleged liability under § 6672 is secondary to that liability, thus entitling him to indemnity from the third-party defendants for any § 6672 penalty he is required to pay.

■ A right to indemnity arises when one party is exposed to liability by the action of another who, in equity or in law, should make good the other's loss. It is equally clear that where one party has been required to discharge a claim for which he is only secondarily or derivatively liable, he may compel indemnity from the person primarily liable for the obligation giving rise to the claim. See Wisconsin Barge Line, Inc. v. Barge Chem 300, 546 F.2d 1125 (5th Cir.1977), rehearing denied, 550 F.2d 41 and 550 F.2d 42. However, where the parties are in pari delicto, that is where each is charged with active or affirmative wrongdoing, neither may obtain indemnity from the other. Id. Because defendant SHS has alleged the parties are in pari delicto, we must determine the nature of the respective obligations of the parties.

■ Sections 3102 and 3402(a) of the Internal Revenue Code, 26 U.S.C. § 3102 & 3402(a), require an employer to withhold Social Security and income taxes from the wages of employees. These taxes are to be held pursuant to § 7501 as a special trust fund for the United States. If these taxes are not withheld or paid over to the government, § 6672 provides that the person responsible for this failure is liable for the total amount of the tax not paid over. As stated in Braden v. United States, 318 F.Supp. 1189, 1193 (S.D.Ohio 1970), "although denominated a penalty, the liability imposed by Section 6672 is not penal, but is merely a means for insuring that the taxes will be paid by shifting the responsibility for payment from the corporation to the person responsible for the non-payment." See also, Botta v. Scanlon, 314 F.2d 392 (2d Cir.1963) (§ 6672 simply a means for insuring tax is paid). Therefore, although liability under § 6672 is a liability separate and distinct from that imposed upon the employer, it is clear that the original obligation is that of the employer and § 6672 is utilized only when the primary obligation is not met.

■ The question then arises whether the § 6672 penalty and the employer's original obligation are so independent as to allow both recovery of the penalty and the full amount of the tax from the employer. Despite a contrary decision, see United States v. Mr. Hamburg Bronx Corp., 228 F.Supp. 115 (S.D.N.Y.1964) (employer entitled to no credit for penalty paid by "responsible person"), the Eighth Circuit has held that "while two or more persons may be jointly and severally liable under § 6672, the government is not entitled to more than one satisfaction of the tax liability owed to it." Hartman v. United States, 538 F.2d 1336, 1340 (8th Cir.1976). See also, Kelly v. Lethert, 362 F.2d 629 (8th Cir.1966) (penalty administratively applied to discharge tax obligation of employer). These cases adopt the sounder view. Because the basic obligation to pay over withheld taxes is imposed on the employer, and only secondarily shifted to the "responsible person" under § 6672 in order to collect the tax, and since the United States may have only one satis-

faction of the tax liability, we believe that a "responsible person" required to pay under § 6672 is entitled to indemnity from the employer to the extent the employer's tax liability is reduced.

█ SHS' reliance upon the common law rule denying indemnity to the parties who are jointly and severally liable or in *pari delicto* is misplaced. It is to be noted that liability is secondarily shifted to the "responsible person" as a method "whereby the government can collect . . . the taxes that the corporate employer withheld and should have accounted for and paid over." *Hartman, supra* at 1340. The responsible person is not penalized for active or affirmative wrongdoing, but is merely used as a tax collection device. Therefore, the parties are not jointly and severally liable nor in *pari delicto* under the statutory scheme, nor should the "responsible person" be barred from seeking indemnity from the primary obligor. It is proper that indemnity be used as an equitable device to assure complete justice by shifting responsibility from the "responsible person" back to the employer upon whose shoulders rests the original obligation. *See W. Prosser, Handbook on the Law of Torts,* § 51 (4th ed. 1971). It would be inequitable to allow SHS and Hospital to reduce their tax liability by a penalty assessed against and paid by Reid without allowing him the right to seek indemnity against the entities originally obligated to pay over the withholding taxes. Therefore, it is

ORDERED

That the motion of the third-party defendant, Southern Health Services of Kentucky, Inc., to dismiss the third-party complaint is hereby denied.