George Dent BAILEY, Plaintiff,

v.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Defendant.

Civ. A. No. J85–0143(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 7, 1985.

William Larry Latham, Jackson, Miss., for plaintiff.

Edward J. Currie, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This action is presently before the Court on the Motion of Defendant, State Farm Fire and Casualty Company ("State Farm"), for Summary Judgment. The issue presented by State Farm's Motion is whether Plaintiff, George Dent Bailey ("Bailey"), is precluded from recovering uninsured motorist benefits from State Farm since Bailey can no longer recover against the uninsured tortfeasor by virtue of the running of the six year statute of limitation.

---

## FACTS

On January 13, 1979, Bailey, a guest passenger in a vehicle driven by John Gordon, was injured when Gordon lost control of the vehicle and crashed near Soddye Daisy, Tennessee. Bailey is a resident of Mississippi; Gordon is a resident of Florida. Bailey has not sued Gordon in either Mississippi, Florida or Tennessee. The statutes of limitation in Mississippi (*Miss. Code Ann.* § 15–1–49 (1972) (6 year statute of limitation)); Tennessee (*Tenn. Code Ann.* § 28–3–104 (1980) (1 year statute of limitation)) and Florida (7 *Fla.Stat.* § 95–11(3)(a) (1982) (4–year statute of limitation)) now bar any action by Bailey against Gordon for injuries sustained by Bailey in the accident. The Mississippi six year statute of limitation applies to this action. *Steele v. G.D. Searle & Company*, 428 F.Supp. 646, 650–51 (S.D.Miss.1977).

Bailey filed the present suit on January 11, 1985, within the six year statute of limitation, against State Farm, seeking $20,000.00 in actual damages and $550,000.00 in punitive damages for State Farm's alleged bad faith refusal to pay Bailey's uninsured motorist claim. Bailey did not join the tortfeasor, Gordon, as a defendant. State Farm seeks dismissal of the action on the basis that Bailey's claim for uninsured motorist benefits is barred because Bailey is no longer "legally entitled to recover" against Gordon, as required by the uninsured motorist statute, *Miss. Code Ann.* § 83–11–101(1), since the six year statute of limitation bars any claim by Bailey against Gordon.

State Farm also argues that dismissal is appropriate since the running of the statute of limitation against Gordon, the uninsured tortfeasor, effectively destroys any subrogation rights State Farm has against Gordon.

## LAW

The uninsured motorist statute, *Miss. Code Ann.* § 83–11–101(1) (Supp.1984), provides that:

[n]o automobile liability insurance policy or contract shall be issued ... unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be *legally entitled to recover* as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle.... [Emphasis added].

In support of its contention that Gordon is not "legally entitled to recover," State Farm relies upon *Aitken v. State Farm Mutual Automobile Insurance Company*, 404 So.2d 1040 (Miss.1981); *Matthews v. State Farm Mutual Automobile Insurance Company*, 471 So.2d 1223 (Miss. 1985); *Welch v. Indiana Lumberman's Mutual Insurance Company*, 673 F.2d 1326 (5th Cir.1982) (unpublished opinion). In *Aitken, supra,* the doctrine of interspousal immunity precluded the plaintiff from recovery against not only the uninsured tortfeasor, her husband, but also the uninsured motorist carrier for injuries she sustained prior to her marriage, allegedly due to her husband's negligence. In *Welch v. Indiana Lumberman's Mutual Insurance Company, supra,* the exclusive remedy of worker's compensation precluded suit by the deceased employee's administratrix against not only the uninsured co-employee but also the uninsured motorist carrier for the death of her husband during the scope of his employment. In *Matthews, supra,* the doctrine of interspousal immunity precluded suit against the insurer after divorce for injuries sustained prior to the marriage since the divorce did not revive the actions occurring prior to the marriage.

These cases relied upon by State Farm are distinguishable from the fact *sub judice* because the plaintiff in each case was barred from suing the uninsured tortfeasor on the date the suit was filed. In *Aitken, Welch* and *Matthews,* the plaintiffs were not "legally entitled to recover" damages from the uninsured tortfeasor on the date suit was filed because of the doctrine of interspousal immunity and the exclusive remedy of worker's compensation. In this case, Bailey could have sued Gordon on January 11, 1985—the day it sued State Farm—because the six year statute of limi-

tation did not, at that time, bar an action against Gordon. Consequently, Bailey was "legally entitled to recover" damages from Gordon on the date suit was filed. Bailey's failure to sue Gordon within the six year statute of limitation does not preclude Bailey's claim against State Farm.

Further, the phrase "legally entitled to recover" as found in *Miss. Code Ann.* § 83–11–101(1) has not been interpreted by the Mississippi Supreme Court to require the insured to sue or obtain a judgment against the uninsured tortfeasor before suing the insurer. In *Aitken,* the Mississippi Supreme Court recognized that the phrase "legally entitled to recover" damages merely means that the insured must be able to establish fault on the part of the uninsured motorist. According to the Court

> [t]his would mean that in a direct action against the insurer the insured has the burden of proving that the other motorist was uninsured, that the other motorist is legally liable for damages to the insured, and the amount of this liability.

404 So.2d 1040, 1045 (*quoting Winner v. Ratzlaff,* 211 Kan. 59, 505 P.2d 606, 610 (1973)). Accordingly, the Mississippi Supreme Court does not construe "legally entitled to recover" to require the insured to sue or obtain a judgment against the uninsured tortfeasor before suing the insurer.

State Farm next argues that dismissal is appropriate because Bailey's failure to sue Gordon within the six year statute of limitation effectively destroyed State Farm's subrogation rights granted pursuant to *Miss. Code Ann.* § 83–11–107 (1972). The Court is of the opinion that the alleged destruction of State Farm's subrogation rights does not require dismissal of this suit. In *Rampy v. State Farm Mutual Automobile Insurance Company,* 278 So.2d 428 (Miss.1973), the uninsured motorist carrier argued that the suit against it should be dismissed because it did not receive notice of the filing of the suit by the uninsured against the uninsured tortfeasor, a Tennessee resident, until after the expiration of the Tennessee one year statute of

limitation. In rejecting the uninsured motorist carrier's contention, the Court stated that their argument "[was] not realistic" on the basis that uninsured motorists tend to be financially irresponsible, and, therefore, subrogation rights against them are of little, if any, value. *See also, Puckett v. Liberty Mutual Insurance Company,* 477 S.W.2d 811 (Ky.1971); *Sahloff v. Western Casualty and Surety Company,* 45 Wis.2d 60, 171 N.W.2d 914 (1969).

In effect, State Farm is asking this Court to shorten the statute of limitations for the filing of claims under uninsured motorist policies. That is a matter for the legislature, not for this Court. Accordingly, State Farm's Motion for Summary Judgment in hereby denied.