## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-01019-COA

KIMBERLEE WILLIAMS                                             APPELLANT

v.

LIBERTY MUTUAL FIRE INSURANCE                                  APPELLEE
COMPANY OR LIBERTY MUTUAL GROUP
INC.

DATE OF JUDGMENT:           12/05/2016
TRIAL JUDGE:                HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:  DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:     DRAYTON D. BERKLEY
ATTORNEY FOR APPELLEE:      CLIFFORD KAVANAUGH BAILEY III
NATURE OF THE CASE:         CIVIL - INSURANCE
DISPOSITION:                AFFIRMED: 11/20/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., FAIR AND TINDELL, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     On appeal, this Court is tasked with the interpretation and use of Tennessee law in a

Mississippi court.  Tennessee resident Kimberlee Williams seeks in Mississippi what she

cannot legally obtain in Tennessee.  Although Williams's appeal only concerns her insurer,

Liberty Mutual, this controversy began in 2011 with an automobile accident in Tennessee

between two Tennessee residents, Williams and Lindsey Stafford.

¶2.     Williams alleged Stafford caused her damages.  Stafford has $25,000 in liability

insurance.  Williams, on the other hand, has $100,000 in uninsured motorists (UM) coverage

under her Liberty Mutual policy. Williams filed suit against Stafford and Liberty Mutual in the DeSoto County Circuit Court.

¶3. Williams argues that, due to Stafford's status as an underinsured motorist, Liberty Mutual is liable to her for damages under the UM provisions of her Liberty Mutual insurance policy. Liberty Mutual counters Williams's arguments with two points. First, Williams was unable to obtain personal jurisdiction over Stafford in Mississippi and, as such, allowed the statute of limitations in Tennessee to lapse. Thus, Williams no longer has a legal right to recover from Stafford in either Tennessee or Mississippi. Second, to trigger coverage for Williams under her Tennessee UM insurance rider, the policy terms require a legal right to recover against the underinsured[1] driver. Thus, without a right to recover from Stafford, Liberty Mutual has no obligation to pay UM benefits to Williams.

¶4. The circuit court granted summary judgment to Liberty Mutual, agreeing with Liberty Mutual that without the legal entitlement to recover from Stafford, Williams is without the right to recover UM benefits from Liberty Mutual. Williams appealed. The overriding issue on appeal is whether under Tennessee law an insured can bring a direct action against one's own UM benefits carrier when the insured no longer has a viable legal claim against an underinsured driver. This Court affirms the circuit court's grant of summary judgment.

**FACTS**

¶5. Liberty Mutual issued an automobile policy to Williams providing $100,000 in UM

---

[1] In Tennessee, as in Mississippi, the term "uninsured" motorist embraces the "underinsured" motorist as well. *Dixie Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 614 So. 2d 918, 920 (Miss. 1992); *Clark v. Shoaf*, 302 S.W.3d 849, 856 (Tenn. Ct. App. 2008).

2

bodily benefits per person. The policy was issued to Williams in Tennessee and included a Tennessee UM insurance rider. On December 15, 2011, Williams and Stafford were involved in an automobile accident in Tennessee. Both Williams and Stafford were Tennessee residents. On December 17, 2012, Williams filed suit against Stafford in the DeSoto County Circuit Court. Williams alleged Stafford negligently caused the accident and claimed that Stafford was a Mississippi resident.

¶6. One hundred and twenty days after filing suit, Williams had not yet served Stafford. However, on April 26, 2013, the circuit court granted Williams an additional 120 days to serve Stafford (until August 2013). In May 2013, Williams first served Stafford with the summons and complaint in Tennessee. Stafford appeared in the case and moved to dismiss for lack of personal jurisdiction. Stafford argued that she was a Tennessee resident and that the circuit court lacked personal jurisdiction over her. In September 2013, Williams amended her complaint to add Liberty Mutual, seeking to recover UM benefits, and asserted a bad faith extra-contractual claim. Liberty Mutual responded with a motion to dismiss based on the doctrine of forum non conveniens.

¶7. Stafford's motion to dismiss was set for September 9, 2013. Stafford appeared in the circuit court on an unrelated criminal matter on that day. At Stafford's appearance in the criminal matter, Williams served Stafford with process in Mississippi. The hearing on Stafford's motion to dismiss was continued, and both Stafford's and Liberty Mutual's motions were heard on November 18, 2013. The circuit court granted both motions,

dismissing the complaint against Stafford for lack of personal jurisdiction,[2] and dismissing the complaint against Liberty Mutual without prejudice. The circuit court based Liberty Mutual's dismissal on forum non conveniens, subject to the stipulation that Liberty Mutual waive its statute-of-limitations defense if Williams refiled her action in another forum. Williams did not refile suit against Liberty Mutual or Stafford in Tennessee or another forum. She appealed the dismissals, and that appeal was determined by this Court.[3]

¶8.    Upon remand, Liberty Mutual filed a motion for summary judgment arguing that Williams's failure to serve Stafford prior to the running of the applicable one-year Tennessee statute of limitations precluded Williams from receiving UM benefits because, under Tennessee law and pursuant to the terms of the Liberty Mutual UM policy, Williams was no longer "legally entitled to recover" against Stafford. The circuit court granted Liberty Mutual's motion and issued summary judgment in favor of Liberty Mutual. The circuit court based its judgment on the application of the Tennessee UM statute, the Tennessee statute of limitations for personal injuries, and Tennessee case law. Tenn. Code Ann. §§ 28-3-104(a) (Supp. 1993) & 56-7-1201 (Supp. 1993); *Winters v. Jones*, 932 S.W.2d 464, 465 (Tenn. Ct.

---

[2] See this Court's opinion in *Williams v. Liberty Mutual*, 187 So. 3d 166 (Miss. Ct. App. 2015), for our analysis of Williams's prior appeal on the issue of personal jurisdiction and Stafford's residency/domicile. Stafford's dismissal was not based on a running of the statute of limitations.

[3] In Williams's prior appeal, this Court affirmed the circuit court's dismissal of Stafford for lack of personal jurisdiction but reversed and remanded Williams's case against Liberty Mutual. In summary of that appeal, this Court found that the language of the stipulation for Liberty Mutual to waive any statute-of-limitations defense complied with Mississippi's forum-non-conveniens (FNC) statute, Mississippi Code Annotated section 11-11-3(4)(b) (Supp. 2014). But, the effect of the dismissal left Williams without an alternative forum and thus did not meet the FNC statute's demands.

4

App. 1996); *Gafford v. Caruthers*, 91C-2709, 1994 WL 420917, at *2 (Tenn. Ct. App. Aug. 12, 1994). Williams appeals.

## STANDARD OF REVIEW

¶9. We review grants or denials of summary judgment motions de novo. *Estate of Hudson v. Yazoo City*, 246 So. 3d 872, 876 (¶29) (Miss. 2018). Whereas here, if there is no genuine issue of material fact, we consider only whether the moving party is entitled to summary judgment as a matter of law. *See City of Magee v. Jones*, 161 So. 3d 1047, 1049 (¶¶6-7) (Miss. 2015).

## ANALYSIS

¶10. Williams seeks to overturn the circuit court's dismissal, citing four grounds: (1) the circuit court misapprehended and misapplied the correct construction of Williams's uninsured motorist policy to determine that she was not legally entitled to recover insured motorist benefits; (2) the circuit court erred in finding that the expiration of the Tennessee statute of limitations barred any claim filed in Mississippi courts; (3) the circuit court erred in finding that Liberty Mutual had standing to raise the effect of the expiration of a Tennessee statute of limitations for Williams's claim against Stafford; and (4) the circuit court erred in granting summary judgment to Liberty Mutual.

### I. CONFLICT OF LAWS

¶11. The material facts are agreed upon. Tennessee has the most significant relationship to the matter. Mississippi has no real interest in it. Williams contracted for her coverage with Liberty Mutual in Tennessee. The drivers of both vehicles, Williams and Stafford, were

5

Tennessee residents. The accident occurred in Tennessee. Yet, Williams elected to file suit in Mississippi and created the illusion of a conflict when one does not exist.

¶12. Tennessee, like Mississippi, uses the "most significant relationship" approach of the Second Restatement of Conflict of Laws (1971) for choice-of-law analysis. *Hataway v. McKinley*, 830 S.W.2d 53, 60 (Tenn. 1992). "In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, **some other state has a more significant relationship** . . . to the occurrence and the parties . . . ." *Id.* (emphasis added). And, in Mississippi, "[c]hoice of law analysis arises only when there is a true conflict between the laws of two states, **each having an interest in the litigation**." *Zurich Am. Ins. Co. v. Goodwin*, 920 So. 2d 427, 432 (¶8) (Miss. 2006) (emphasis added).

¶13. Under either analysis, this is not a case where Mississippi, as the "forum state," has any real interest in the parties, the cause of action, or the interpretation of Tennessee's UM laws. The only contact the parties had with the State of Mississippi occurred when Williams, as plaintiff, chose to file suit in Mississippi. The choice-of-law principles of both Tennessee and Mississippi support the circuit court's application of Tennessee statutory interpretation and case law to Williams's cause of action.

## II. TENNESSEE LAW

### A. For Williams to recover UM benefits from Liberty Mutual, she must show that she is legally entitled to recover from Stafford.

¶14. The parties agree, and the precedent set by our Supreme Court dictates, that Tennessee

6

substantive law applies to contract construction of the Liberty Mutual insurance policy issued in Tennessee. Thus, Tennessee law governs the determination of coverage under Williams's Liberty Mutual UM policy. *O'Rourke v. Colonial Ins. Co.*, 624 So. 2d 84, 86-87 (Miss. 1993); *Boardman v. United Services Auto. Ass'n*, 470 So. 2d at 1024, 1031 (Miss. 1985).

¶15.    At the time of the accident, Liberty Mutual insured Williams under a policy which provided uninsured/underinsured motorist benefits through a Tennessee UM rider. The relevant provisions of the UM policy provided:

> UNINSURED MOTORISTS BODILY INJURY COVERAGE provides benefits up to the limits stated on your policy for damages of bodily injury, sickness or disease, including death, **which you are legally entitled to recover** from owners or operators of . . . [a] motor vehicle for which the sum of all limits of liability available to the insured is less than the applicable limit of liability for this coverage . . . .

(Emphasis added).

¶16.    Consistent with Tennessee law, the language of Liberty Mutual's UM rider tracks the language of Tennessee's UM statute, Tennessee Code Annotated section 56-7-1201(a), which provides:

> Every automobile liability insurance policy delivered, issued for delivery or renewed in this state, covering liability arising out of the ownership, maintenance, or use of any motor vehicle . . . shall include uninsured motorist coverage, subject to provisions filed with and approved by the commissioner, **for the protection of persons insured under the policy who are legally entitled to recover compensatory damages** from owners or operators of uninsured motor vehicles . . . .

(Emphasis added). This statute "sets out the procedures a party must follow in order to bring its uninsured motorist carrier into a case against a tortfeasor." *Bates v. Greene*, 544 S.W.3d 345, 350 (Tenn. Ct. App. 2017), *appeal denied* (Nov. 17, 2017).

7

¶17.   Under the Tennessee UM act, "legal entitlement to recovery" means a legal liability that the courts will enforce as between litigants. *Glover v. Tenn. Farmers Mut. Ins. Co.*, 468 S.W.2d 727, 729-30 (Tenn. 1971). The Tennessee Supreme Court stated, "[i]t is fundamental that the legal liability of one person to another can be ascertained **only** in an action brought against such person by the other in a court of competent jurisdiction." *Id*. (emphasis added).

¶18.   Under Tennessee law, the intent and purpose of the uninsured motorist act is to provide some protection to the insured, "by making the insurance carrier stand as the insurer of the uninsured motorist," with two requirements: (1) **the suit has to be brought against the uninsured motorist;** and (2) the insurer is "bound by the judgment rendered in that suit, to the extent of its policy limits, where the insurer was afforded the statutory opportunity to defend the uninsured motorist." *Glover*, 468 S.W.2d at 730. The uninsured/underinsured motorist must have been found legally obligated to pay the plaintiff's damages before a claim against the insurer exists; without that finding, plaintiff has no claim. *Prewitt v. Brown*, 525 S.W.3d 616, 621 (Tenn. Ct. App. 2017).

¶19.   Applying the Tennessee UM statute, and Tennessee case law interpreting that statute, to the language of Williams's UM policy, for Williams to recover UM benefits from Liberty Mutual, she must show some legal entitlement to recovery from Stafford.

> **B.      The expiration of the Tennessee statute of limitations bars Williams's legal entitlement to recovery against Stafford.**

¶20.   The statute of limitations for personal injuries in Tennessee is one year from the date of injury. *McCroskey v. Bryant Air Conditioning Co.*, 524 S.W.2d 487, 491 (Tenn. 1975)

8

(citing *Albert v. Sherman*, 67 S.W.2d 140 (1993)).  Applying Tennessee's one-year statute of limitations to Williams's cause of action, December 17, 2012[4] was the last day that suit could properly be filed in Tennessee against Stafford.  As delineated above, Williams made no effort to file suit against Stafford in Tennessee and, as shown in this Court's ruling on her prior appeal, Williams wholly failed to obtain sufficient personal jurisdiction over Stafford to maintain an action against Stafford in a Mississippi court.  Therefore, Williams has no legal right to recover against Stafford in Tennessee or Mississippi.

¶21.    In interpreting the Tennessee UM statute, Tennessee UM policy language, and the Tennessee personal injury statute of limitations, the Tennessee Court of Appeals has held on more than one occasion that "because the statute of limitations had run against the . . . defendant, then the plaintiff could not maintain an action against her uninsured motorist carrier."  *Lane v. Montgomery*, No. E2006-01643-COA-R3CV, 2007 WL 1860903, at *5 (Tenn. Ct. App. June 28, 2007) (quoting *Lipscomb v. Doe*, 32 S.W.3d 840, 848 n.7 (Tenn. 2000)); *Hooper v. State Farm Mutual Automobile Ins. Co.*, 682 S.W.2d 505, 508 (Tenn. App. 1984). In a Tennessee case similar to Williams's case, *Winters*, 932 S.W.2d at 465-66, a car-accident plaintiff failed to obtain proper service upon the alleged wrongful driver within Tennessee's one-year statute of limitations for personal injury, thus barring any suit against that driver.  The Tennessee court held therein that the plaintiff had no cause of action against her UM insurer "greater than her cause of action against [the] defendant" and granted

---

[4] The accident occurred on December 15, 2011.  One year from that date, December 15, 2012, fell on a Saturday which gave Williams until Monday, December 17, 2012 to file suit against Stafford.  *See Williams v. Liberty Mut. Fire Ins. Co.*, 187 So. 3d 166, 173 (¶¶29, 31) (Miss. Ct. App. 2015).

9

summary judgment to the plaintiff's UM insurer. *Id*. at 465.

¶22. Allowing the Tennessee statute of limitations to lapse and being unable to obtain personal jurisdiction over Stafford in Mississippi, Williams should not be allowed to continue her suit against Liberty Mutual in Mississippi. Yet here, that is what Williams attempts to do. Williams filed her complaint in Mississippi on the last day her complaint could have been filed under Tennessee's one-year statute of limitations, December 17, 2012. The summons and complaint were served on Stafford on May 15, 2013, in Tennessee, but this service did not confer jurisdiction in Mississippi. Thereafter, Stafford was not personally served in Mississippi until September 9, 2013, and that service did not confer personal jurisdiction, under the Mississippi long-arm statute, over Stafford. Miss. Code Ann. § 13-3-57 (Supp. 2014). Thus, Williams allowed her cause of action against Stafford to lapse in Tennessee and fail in Mississippi. We believe Tennessee substantive law and the Tennessee UM statute require a more diligent effort on Williams's part to preserve her rights, and the rights of her insurer, against the tortfeasor. *Winters*, 932 S.W.2d at 465.

### C. Liberty Mutual has standing to raise the statute of limitations defense applicable to Stafford.

¶23. Williams argues that the circuit court erred in finding that Liberty Mutual had standing to raise the effect of the expiration of a Tennessee statute of limitations for Williams's claim against Stafford. However, the only case cited by Williams in support of this point is *Coleman v. American Manufacturers Mutual Ins. Co.*, 930 F. Supp. 255 (N.D. Miss. 1996). In *Coleman,* the Northern District of Mississippi examined the "legally entitled to recover" policy language in Mississippi UM policies under the Mississippi UM statute. *Coleman*, 930

10

F. Supp. at 262. This disregards the agreed upon fact that Williams's UM policy was issued in Tennessee and contained a Tennessee UM rider. Thus, *Coleman* is inapplicable and our discussion above reflects the meaning of "legally entitled to recover" policy language in Tennessee UM policies under the Tennessee UM statute.

¶24. Addressing the merits of Williams's standing argument, we find this issue to be without merit. The doctrine of "standing" concerns "whether a particular litigant is entitled to have a court decide the merits of a dispute or of particular issues." *Am. Civil Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006). This doctrine prevents courts from adjudicating "an action at the instance of one whose rights have not been invaded or infringed." *Mayhew v. Wilder*, 46 S.W.3d 760, 767 (Tenn. Ct. App. 2001). "Persons whose rights or interests have not been affected have no standing and are, therefore, not entitled to judicial relief." *State v. Harrison*, 270 S.W.3d 21, 28 (Tenn. 2008).

¶25. Under Tennessee law, plaintiffs may not maintain a direct-action lawsuit against their uninsured motorist carrier where a statute of limitations has run against the uninsured motorist. *Hooper*, 682 S.W.2d at 506-08. Thus, Williams's standing argument is wholly without merit. Williams's suit is a direct action against her uninsured motorist carrier, Liberty Mutual. As discussed herein above, it is an action specifically proscribed under Tennessee law. Liberty Mutual's rights or interests are affected; Williams seeks damages from Liberty Mutual in a suit she could not maintain in Tennessee. Therefore, Liberty Mutual has standing and is, therefore, entitled to judicial relief. *Id*.

**CONCLUSION**

11

¶26.   The relevant provisions of the UM policy provided UM benefits to Williams only in that amount to which she is legally entitled to recover.  Tennessee law is clear on its holdings regarding the specific language of Williams's UM coverage.  When the uninsured driver is known, the UM policy carrier has no obligation to pay benefits to its insured unless its insured has protected a legal right to recover from the uninsured driver.  Here, the statute of limitations precludes any legal recovery from Stafford.  Consequently, Williams lost her right to recovery from Stafford.  Without a legal entitlement to recovery against Stafford, Tennessee law is clear that Williams is without an entitlement to recovery from Liberty Mutual for UM benefits.  Thus, we find no error in the circuit court's judgment.

¶27.   **AFFIRMED.**

   **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**