**Pamela M. WINTERS,
Plaintiff/Appellant,**

v.

**Estate of Frank JONES, Sr., Frank Jones, Jr., Executor of the estate of Frank Jones, Sr., deceased, Defendants/Cross-defendants/Appellees.**

**First American Insurance Company, Uninsured/Underinsured Motorist Carrier/Cross-plaintiff/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

May 22, 1996.

Permission to Appeal Denied by Supreme Court Oct. 7, 1996.

Shannon D. Faulkner, III, Knoxville, for plaintiff/appellant.

W. Bryan Brooks, Scott A. Rhodes, First American Ins. Co., Nashville, for appellee.

*OPINION*

CANTRELL, Judge.

An injured passenger filed suit against the estate of the driver of an automobile that collided with the bus in which she was riding. A summons and a copy of the complaint were served on the plaintiff's uninsured motorist

carrier, in accordance with the provisions of Tenn.Code Ann. § 56–7–1206. The trial court granted summary judgment to the insurer, on the ground that the plaintiff had failed to obtain service on the executor within the statute of limitations. We affirm.

## I.

Pamela Winters was riding on a Greyhound bus on September 15, 1992, when a speeding automobile driven by Frank Jones, Sr. crossed the center line on Eighth Avenue South in Nashville, and collided head-on with the bus. Mr. Jones was killed in the collision. On September 13, 1993, Ms. Winters filed suit against the estate of Mr. Jones, claiming that she had suffered spinal injuries in the accident. Frank Jones, Jr., who resides in Memphis, is the decedent's executor.

Process was issued against Frank Jones, Jr., in accordance with the rule that a suit for injuries resulting from the act of a deceased tortfeasor can only be instituted against the personal representative of the decedent. *Brooks v. Garner*, 194 Tenn. 624, 254 S.W.2d 736 (1953). An attempt was made to serve the executor in Davidson County through Monica Edwards, his attorney. Ms. Edwards refused to accept service for Mr. Jones, and the summons was returned with the notation "Not to be found in my county," with Ms. Edwards' refusal to accept service also noted. Ms. Winters subsequently served her uninsured motorist carrier, First American Insurance Co., with a copy of the complaint. No further attempt was made to obtain service on Mr. Jones.

On October 26, 1994, First American filed a motion to dismiss the complaint. The trial court noted that the plaintiff's failure to serve Frank Jones, Jr. within the one-year statute of limitations for personal injury barred any suit against his father's estate. The court concluded that as "plaintiff has no cause of action against First American Insurance Company greater than her cause of action against defendants, summary judgment in favor of First American Insurance Company is proper...." This appeal followed.

## II.

Tenn.Code Ann. § 56–7–1206 sets out the procedures a party must follow in order to bring its uninsured motorist carrier into a case against a tortfeasor. Section (a) of the statute permits the insured to serve upon the insurance company a copy of the process that had previously been served upon the uninsured motorist. Such service allows the company to defend against the claim, in the name of the owner of the uninsured vehicle, or in its own name if it wishes.

Previous law in Tennessee prohibited direct suits against an uninsured motorist carrier. See *Glover v. Tennessee Farmers Mutual Ins. Co.*, 225 Tenn. 306, 468 S.W.2d 727 (1971). However the passage of a statute now codified at Tenn.Code Ann. § 56–7–1206(d) (1975 Tenn. Pub. Acts, ch. 164, § 1) created the possibility of such a direct action, in situations where the tortfeasor himself cannot be reached by process. See *Brewer v. Richardson*, 893 S.W.2d 935 at 938 (Tenn. 1995). The relevant portion of section (d) reads:

> In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect ... the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

The whole substance of the appellant's argument is based upon the above section. She claims that her unsuccessful attempt to obtain service on the attorney of the uninsured motorist's estate was sufficient to give her the right to proceed directly against her own insurer. We do not agree however, because we believe the statute requires a more diligent effort on the plaintiff's part to preserve her rights, and the rights of her insurer, against the tortfeasor.

## III.

A plaintiff who fails to establish legal liability against a defendant tortfeasor cannot impose liability upon her uninsured

motorist carrier for the acts of that same tortfeasor. *Hickey v. Insurance Co. Of North America,* 239 F.Supp. 109 at 111 (E.D.Tenn.1965). See also *Gafford v. Caruthers,* Appeal No. 01–A–01–9403–CV–00093, 1994 WL 420917 (Court of Appeals, filed August 12, 1994). Thus, when through inattention or neglect a plaintiff allows her cause of action against the tortfeasor to lapse, she is precluded from obtaining a recovery from the insurer as well. This rule is no mere legal formalism, because as long as there is a viable cause of action against a tortfeasor, the insurer has a right of subrogation for any payments it makes to the insured on the tortfeasor's behalf.

This court has stated that, "[t]he intention of the Legislature in enacting Tenn.Code Ann. § 56–7–1206 was to provide an efficient procedure whereby the Plaintiffs could obtain complete relief when injured by an uninsured motorist." *Lady v. Kregger,* 747 S.W.2d 342 at 345 (Tenn.App.1987). However the statute was not meant to benefit the insured at the cost of stripping the insurer of its right to recover against the tortfeasor. Thus the requirement of service upon the tortfeasor is not imposed on the plaintiff as an empty formality, but as a practical means of maintaining the insurer's right to recover from the responsible party, once it has paid the policyholder.

The rights of both the plaintiff and the insurer against the tortfeasor who cannot immediately be reached by process are preserved by two other sections of Tenn.Code Ann. § 56–7–1206. Section (b) permits the issuance of process against a John Doe defendant where the identity of the tortfeasor is unknown. Section (e) sets out the subsequent procedure to follow when the identity and/or the whereabouts of a previously unserved tortfeasor is discovered during the course of proceedings against the insurer:

> (e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process, and then the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance.

In *Lady v. Kregger,* supra, we held that alias process issued in accordance with the provisions of Tenn.Code Ann. § 56–7–1206(e) enables the plaintiff to proceed against the tortfeasor, even though issued after the expiration of the period found in Rule 3 Tenn. R.Civ.P. for limiting the time in which a party may obtain new process in order to keep an action alive. See also *Little v. State Farm Mutual Insurance,* 784 S.W.2d 928 (Tenn.App.1989).

In the present case, the plaintiff cannot proceed directly against the insurance company in accordance with the provisions of Tenn.Code Ann. § 56–7–1206(d) because even though she managed to elicit a "Not to be found in my county" response on the return of process, she did not serve, or attempt to serve, the responsible party at his last known address. Nor can she invoke sections (b) or (e) to avoid the effect of her failure to comply with Rule 3 Tenn.R.Civ.P., because the identity of the proper person to serve was known, and a review of probate court documents relating to the estate of Frank Jones Sr. would have quickly revealed the address of his executor.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Davidson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant.

LEWIS and KOCH, JJ., concur.