I am authorized to state that Chief Justice DROWOTA joins with me in this concurring and dissenting opinion.

Charles H. **WEBB**

v.

Christian **WERNER, et al.**

Court of Appeals of Tennessee, Eastern Section, at Knoxville.

Sept. 20, 2004 Session.

Oct. 28, 2004.

Permission to Appeal Denied by Supreme Court March 7, 2005.

Douglas R. Beier, Morristown, for Appellant Charles H. Webb.

Kenneth W. Ward, Knoxville, for Appellee Allstate Insurance Company.

## OPINION

SHARON G. LEE, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J. and CHARLES D. SUSANO, JR., J., joined.

This is an automobile accident case wherein the Plaintiff sued the driver of the other vehicle, Christian Werner, a Swiss citizen, and Allstate Insurance Company, Plaintiff's uninsured motorist insurance carrier. Allstate moved for summary judgment, alleging that since Plaintiff failed to obtain timely service of process against Werner, pursuant to Tenn. R. Civ. P. 3, the Plaintiff's action was barred by the one-year statute of limitations. The trial court granted Allstate summary judgment as regards Plaintiff's personal injury

claim. We affirm the judgment of the trial court in this interlocutory appeal.

## I. Factual Background

Plaintiff and the Defendant Christian Werner were injured in an automobile collision on March 22, 1999. On January 12, 2000, Plaintiff filed the instant lawsuit against Werner, who Plaintiff alleged rear-ended his vehicle; Avis Rent–a–Car, which allegedly rented to Werner the vehicle he was driving;[1] and Allstate, Plaintiff's uninsured motorist insurance carrier. The same day Plaintiff filed his complaint, a summons was issued to Werner at the address listed on the police report, Schutzenstr 25, 8953, Dietikon, Switzerland, 01141796015682. This summons was not sent to Switzerland but was retained by Plaintiff's counsel who, according to his affidavit filed February 3, 2003, attempted to personally serve Werner in Hamblen County, Tennessee. Werner was never served with process. A summons, which was issued to Allstate on January 12, 2000, was served on Allstate.

Over a year passed and on November 27, 2001, Plaintiff caused an alias summons to be issued to Werner at the same Switzerland address. Plaintiff also caused an alias summons to be issued to Werner through the Tennessee Secretary of State. Both of these alias summonses were returned to the court, marked "Unbekannt, Inconnu, Sconosciuto."[2]

Allstate filed a motion for summary judgment on February 5, 2002, alleging that Plaintiff failed to obtain service of process on Werner as required by Tenn. R.Civ.P. 3, and that his claim must fail due to the applicable one-year statute of limita-

---

1. The trial court subsequently granted Avis Rent–a–Car summary judgment, and Plaintiff has not appealed this ruling.

2. Nowhere in the record or the parties' briefs is there a translation or other explanation as to what these words mean, but the translation is not relevant to the dispositive issues of this appeal.

tions for personal injuries found at Tenn. Code Ann. § 28–3–104. The trial court granted Allstate's motion with respect to Plaintiff's claim for personal injuries. Plaintiff moved for permission to take an interlocutory appeal of the court's decision pursuant to Tenn.R. App.P. 9, which the trial court and this court granted.

## II. Issue Presented for Review

The sole issue raised by Plaintiff in this appeal is whether the trial court erred in granting summary judgment to Allstate regarding Plaintiff's personal injury claim.

## III. Standard of Review

A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn.1997). On a motion for summary judgment, the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. *Id.* In *Byrd v. Hall,* 847 S.W.2d 208 (Tenn.1993), our Supreme Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. . . . In this regard, Rule 56.05 [now Rule 56.06] provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (citations omitted) (emphasis in original).

Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn.1995). Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain,* 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this court. *Warren v. Estate of Kirk,* 954 S.W.2d 722, 723 (Tenn.1997).

## IV. Analysis

■ In support of its argument that the trial court correctly dismissed Plaintiff's personal injury claim against Allstate because he allowed his claim against Werner to lapse, Allstate relies on the rule stated as follows in *Winters v. Jones,* 932 S.W.2d 464 (Tenn.App.1996):

> A plaintiff who fails to establish legal liability against a defendant tortfeasor cannot impose liability upon her uninsured motorist carrier for the acts of that same tortfeasor ... Thus, when through inattention or neglect a plaintiff allows her cause of action against the tortfeasor to lapse, she is precluded from obtaining a recovery from the insurer as well.

*Winters,* 932 S.W.2d at 465–66 (citations omitted); *see also Hooper v. State Farm Mut. Auto. Ins. Co.,* 682 S.W.2d 505, 507 (Tenn.App.1984). Therefore, if Plaintiff failed to satisfy the requirements of Tenn. R.Civ.P. 3 as regards Werner, then the trial court's grant of summary judgment in Allstate's favor must be affirmed.

Tennessee Rule of Civil Procedure 3 provides as follows:

All civil actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing of a complaint, whether process be issued or not issued and whether process be returned served or unserved. *If process remains unissued for 30 days or is not served within 30 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process or, if no process is issued, within one year of the filing of the complaint.* (Emphasis added)

Our Supreme Court has recently stated the following in construing the requirements of Rule 3 in relation to the Tennessee saving statute:[3]

Rule 3 anticipates that, when a plaintiff has failed to serve process on a defendant within thirty days of commencement, the plaintiff will continue the action by issuing process on the original complaint within one year of prior issuance, or if no prior issuance, within one year of filing the complaint.

\*      \*      \*      \*      \*      \*

We hold that Rule 3 permits a plaintiff who has not issued process within thirty days or has not served process within thirty days of issuance to rely upon the original commencement date to satisfy a statute of limitations only if the plaintiff continues the action within one year of first issuance, or if no issuance has occurred, within one year of filing the complaint, by issuing new process on the *original* complaint.

*Frye v. Blue Ridge Neuroscience Center, P.C.,* 70 S.W.3d 710, 716–17 (Tenn.2002) (emphasis in original); *see also Clark v. McClung,* 2003 WL 22994304 at *5, C/A No. M2003–00552–COA–R3–CV (Tenn. App.M.S. Dec. 17, 2003) ("As *Stempa [v. Walgreen Co,* 70 S.W.3d 39 (Tenn.App. 2001) ] and *Tillman [v. Haffey,* 63 S.W.3d 367 (Tenn.App.2001) ] confirm, Tenn. R.Civ.P. 3 imposes a strict one year time frame in which process must be issued or re-issued to toll the statute of limitations.").

As noted above, Plaintiff issued process to Werner at the Switzerland address on January 12, 2000. This process was never sent to Switzerland nor was it ever served. Plaintiff did not subsequently attempt to re-issue process until November 27, 2001, roughly 22 months later. These facts are not in dispute; however, Plaintiff argues that the Tennessee uninsured motorist statute, Tenn.Code Ann. § 56–7–1206(d), operates to relieve him of the one-year requirement of Tenn.R.Civ.P. 3. Tenn. Code Ann. § 56–7–1206(d) provides as follows:

(d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, or if service of process is being made upon the secretary of state for a nonresident uninsured motorist and the registered notice to the last known address is returned without service on the uninsured motorist, the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in such a case.

---

**3.** Tenn.Code Ann. § 28–1–105(a).

The record contains a copy of the summons issued to Werner on January 12, 2000 at the Switzerland address, with a handwritten notation at the bottom, stating "was unable to locate and find the Defendant in Hamblen County ... failed to serve this summons within 30 days after its issuance because [Defendant] not to be found in Hamblen County w/in 30 days," and signed by Plaintiff's counsel. There is no date indicating when the summons was returned or when the note at the bottom was written. There is also no indication in the record that this document was ever filed with the trial court.

The record also contains a handwritten affidavit of Plaintiff's counsel, dated January 31, 2003 and filed February 3, 2003, nearly one year after Allstate's motion for summary judgment was filed, which states in relevant part as follows:

Original process was caused by virtue of a Summons upon the filing of this Complaint on January 12, 2000.

At that time, we had information that the Defendant, Christian Werner's last known address was in Hamblen Co., TN, and that he was connected with one of the industrial plants or businesses here in Hamblen Co. and also that he was going to college here ...

I was the one who tried to serve the process. We were unable to locate the Defendant, Christian Werner in Hamblen Co. at that last known address.

The Summons got misplaced, but was found and returned and is true and accurate.

In the case of *Winters v. Jones,* 932 S.W.2d 464 (Tenn.App.1996), the plaintiff presented an argument similar to the Plaintiff's argument in the case at bar. The *Winters* court found a lack of due diligence by the plaintiff, stating as follows:

[W]e believe the statute requires a more diligent effort on the plaintiff's part to preserve her rights, and the rights of her insurer, against the tortfeasor ... [T]he requirement of service upon the tortfeasor is not imposed on the plaintiff as an empty formality, but as a practical means of maintaining the insurer's right to recover from the responsible party, once it has paid the policyholder ... In the present case, the plaintiff cannot proceed directly against the insurance company in accordance with the provisions of Tenn.Code Ann. § 56–7–1206(d) because even though she managed to elicit a "Not to be found in my county" response on the return of process, she did not serve, or attempt to serve, the responsible party at his last known address.

*Winters,* 932 S.W.2d at 465–66. Tennessee courts have consistently imposed a requirement of due diligence in attempting to locate and serve process on a defendant in cases such as the present one. *Winters, supra; Lam v. Smith,* 891 S.W.2d 207, 212 (Tenn.1994); *Clark v. McClung, supra,* 2003 WL 22994304 (Tenn.App.2003); *Grubbs v. Pilkington,* 2001 WL 1660826, 2001 Tenn.App. LEXIS 943, C/A No. M2000–02965–COA–R3–CV (Tenn.App. W.S. filed Dec. 28, 2001); *Ballard v. Ardenhani,* 901 S.W.2d 369, 374 (Tenn.App. 1995); *Carr v. Borchers,* 815 S.W.2d 528, 532 (Tenn.App.1991).

■ The *Winters* and *Ballard* cases cited above demonstrate that while Tenn. Code Ann. § 56–7–1206(d) allows a plaintiff to proceed directly against an uninsured motorist carrier under certain circumstances even if the uninsured motorist is never successfully served with process, *see Brewer v. Richardson,* 893 S.W.2d 935 (Tenn.1995), a plaintiff is still required to make a duly diligent effort to serve process on the uninsured motorist, and when

this diligent effort is lacking and an unreasonable amount of time has passed, a plaintiff cannot use the uninsured motorist statute to avoid the requirements of Tenn. R.Civ.P. 3. We are aware of the result reached by this court in the cases of *Lady v. Kregger,* 747 S.W.2d 342 (Tenn.App. 1987) and *Little v. State Farm Mut. Ins. Co.,* 784 S.W.2d 928 (Tenn.App.1989); however, in neither case did the court find a lack of due diligence by the plaintiff.

■ In the present case, Allstate filed a Tenn.R.Civ.P. 56.03 statement of material facts along with its motion for summary judgment. One of the material facts alleged by Allstate is that "[b]etween January 12, 2000, and November 27, 2001 [when alias summonses were issued], Plaintiff made no other attempts to serve process on the defendant, Christian Werner." Plaintiff's filed response admits this fact is undisputed. Although Plaintiff caused a summons to be issued on January 12, 2000, there is no showing that he ever attempted to deliver it to Werner's last known address in Switzerland.

Under the above-cited authorities and the plain language of Tenn.R.Civ.P. 3, we hold that the trial court did not err in ruling Plaintiff failed to show the required due diligence in attempting to serve process on Werner. There is no showing that Plaintiff made any effort in this regard for some 22 months after the complaint was filed.

The judgment of the trial court is affirmed and the case remanded for such other action as may be necessary, consistent with this opinion. Costs on appeal are assessed to the Appellant, Charles H. Webb, for which execution may issue, if necessary.