FILED
12/21/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 18, 2018 Session

## BILL E. OWENS, ET AL. v. OTTO MUENZEL, JR., ET AL.

**Appeal from the Circuit Court for Sevier County**
**No. 16-CV-214-I    Carter Scott Moore, Judge**

_____

**No. E2018-00199-COA-R3-CV**
_____

This appeal arises from an action for personal injuries incurred in a vehicle collision. The alleged tortfeasor died subsequent to the injury-causing accident. The plaintiffs, unaware of the death of the decedent, commenced this action and named him as a defendant. The plaintiffs also sued their uninsured/underinsured motorist insurance carrier. Upon learning of the death of the decedent, the plaintiffs moved for the trial court to appoint an administrator ad litem. The trial court eventually dismissed the matter in its entirety with prejudice upon finding, inter alia, that it did not possess subject matter jurisdiction to appoint an administrator ad litem and that the action was barred by the statute of limitations. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J. delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Donald Capparella, Nashville, Tennessee, and Sidney W. Gilreath, Knoxville, Tennessee, for the appellants, Bill E. Owens and Sandra S. Madden.

David C. Hollow, Knoxville, Tennessee, for the deceased appellee, Otto Muenzel, Jr.

Elijah T. Settlemyre and Terrill L. Adkins, Knoxville, Tennessee, for the appellee, Progressive Hawaii Insurance Corporation.

**OPINION**

**I. BACKGROUND**

In this appeal, Bill E. Owens and Sandra S. Madden ("Appellants") are appealing the trial court's grant of a motion of dismissal with prejudice. Appellants and Otto Muenzel, Jr. ("Deceased" or "Muenzel") were involved in a vehicle wreck on May 11, 2015, that caused personal injuries to Appellants. On March 30, 2016, Appellants filed a complaint against Muenzel. It is undisputed that Appellants' suit was filed within the one-year limitations period for filing personal injury actions under Tennessee Code Annotated section 28-3-104 ("[W]ithin one (1) year after the cause of action accrued"). However, the original summons for Muenzel was soon returned with the following notation: "Return to Sender, Unable to Forward as Addressed, Unable to Forward Deceased." Appellants were advised by State Farm Insurance Company that Muenzel, its insured, had passed away after the accident.[1]

Tennessee is not a "direct action" state where plaintiffs can sue the liability carrier of the defendant who allegedly caused the harm. *Seymour v. Sierra*, 98 S.W.3d 164, 165 (Tenn. Ct. App. 2002). On April 12, 2016, Appellants timely served and proceeded with an action against their uninsured/underinsured motorist carrier, Progressive Hawaii Insurance Corporation ("Progressive"), in accordance with Tennessee Code Annotated section 56-7-1206(d).[2] Such service allows the company to defend against the claim, in the name of the owner of the uninsured vehicle, or in its own name if it wishes. *Winters v. Estate of Jones*, 932 S.W.2d 464, 465 (Tenn. Ct. App. 1996). On April 29, 2016, Progressive answered and averred that Appellants "have not complied with" conditions of the policy. Progressive "specifically plead[ed] lack of notice in compliance with the Uninsured Motorist Act as set out in Tennessee Code Annotated, Section 56-7-1201, et seq."

Although Muenzel died before Appellants filed their complaint for injuries sustained in the car accident, Tennessee Code Annotated section 20-5-103, the survival

---

[1] The record reveals that Muenzel died on November 14, 2015.

[2] (d) In the event that service of process against the uninsured motorist, which was issued to the motorist's last known address, is returned by the sheriff or other process server marked, "Not to be found in my county," or words to that effect, . . . the service of process against the uninsured motorist carrier, pursuant to this section, shall be sufficient for the court to require the insurer to proceed as if it is the only defendant in the case.

(e) In the event the uninsured motorist's whereabouts is discovered during the pendency of the proceedings, an alias process may issue against the uninsured motorist. In such a case, the uninsured motorist shall be allowed a reasonable time within which to plead to the original process, and then the case may proceed against the uninsured motorist as if the motorist was served with process in the first instance. A copy of the summons served on Progressive does not appear in the technical record.

statute, makes it clear that the death of Deceased did not foreclose Appellants' cause of action in this tort case. Tennessee Code Annotated section 20-5-103 provides as follows:

> In all cases where a person shall commit a tortious or wrongful act causing injury or death to another, or property damage, and such person committing such wrongful act shall die before suit is instituted to recover damages therefor, such death of such person shall not abate any cause of action which the plaintiff would have otherwise had, but such cause of action shall survive and may be prosecuted against the personal representative of such tort-feasor or wrongdoer.

*See also Estate of Russell v. Snow*, 829 S.W.2d 136, 137 (Tenn. 1992). The statute "preserve[s] the cause of action that belonged to the person before the one who caused the injury died." *Liput v. Grinder*, 405 S.W.3d 664, 672 (Tenn. Ct. App. 2013).

As Appellants found out, Muenzel did not have a personal representative at the time Appellants filed their complaint. [3] When there is no personal representative of a deceased tortfeasor upon whom process can be served, a plaintiff is entitled to have one appointed pursuant to Tennessee Code Annotated section 30-1-109:

> (a)   In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or the executor or administrator thereof is interested adversely thereto, it shall be the duty of the judge or chancellor of the court, in which such proceeding is had, to appoint an administrator ad litem of such estate for the particular proceeding, and without requiring a bond of him, except in a case where it becomes necessary for him to take control and custody of property or assets of the estate of his intestate, when he shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of such property or assets.

> (b)   Such appointment shall be made whenever the facts rendering it necessary shall appear in the record of such case, or shall be made known to the court by the affidavit of any

---

[3]No estate was ever opened and no personal representative was appointed. Appellants' affidavit noted that "[a]n Administrator Ad Litem . . . will allow the litigation to proceed to a resolution . . . with State Farm's policy of insurance providing an attorney for the Defendant."

person interested therein; and, in such proceedings in the chancery court, the chancellor at chambers or clerk and master of such court on a rule day shall have authority to make such appointment in vacation.

On May 20, 2016, Appellants filed a motion with the trial court, a circuit court, requesting it to appoint an administrator ad litem for Deceased in accordance with Tennessee Code Annotated section 30-1-109.[4]  The appointment of the administrator ad litem was sought for the purpose of providing the legal entity for service of process so that the damage suit filed in the law court could be prosecuted.  *See Estate of Russell*, 829 S.W.2d at 140 n. 1.  However, the Tennessee Supreme Court observed in *Brooks v. Garner*, 254 S.W.2d 736, 737 (Tenn. 1953) that a circuit court was not a court authorized to appoint administrators ad litem.  The Court related:

> Neither . . . [Tennessee Code Annotated section 30-1-109], nor any other, is cited as authority to support the practice of asking a Circuit Judge, in a law case, for unliquidated damages, to appoint an Administrator ad litem. . . . [Tennessee Code Annotated section 30-1-109] provides for the appointment of administrators ad litem, and defines the courts authorized to make the appointment as "probate or chancery courts, or any other court having chancery jurisdiction."  Clearly, a Circuit Court, in trying a suit at law for unliquidated damages in a negligence case, is not such a court.[5]

*Id.*

Nevertheless, the trial court subsequently appointed Charles Sexton, an attorney, to that role.[6]  On October 19, 2016, a Suggestion of Death noting Muenzel's death was filed by Appellants.[7]  Subsequently, the court initiated an Order of Revivor pursuant to

---

[4]According to Progressive and Deceased, the motion was not served upon its counsel.

[5] "[U]nliquidated damages are damages that have not been determined or calculated, or not yet reduced to a certainty in respect to amount."  1 Tenn. Ct. Prac. § 3:7 n. 1 (2017).  "Liquidated damages means damages made certain or fixed by agreement of the parties or by operation of law."  *Id.*

[6]The order, entered ex parte, was not served upon counsel for Progressive or Deceased.  There was no hearing on the motion.

[7] This pleading was served on Progressive.

Tennessee Code Annotated section 20-5-104,[8] reviving the suit in the name of Sexton, the "heretofore appointed Administrator Ad Litem."[9]

On October 20, 2016, Appellants moved to amend to file an amended complaint to add Charles Sexton, Administrator Ad Litem, as a defendant and to issue process upon him.[10] On November 1, 2016, the trial court ordered the amended complaint to be filed. An attorney appeared for Deceased and answered the original complaint on November 8, 2016, but claimed that neither the order of November 1 nor the amended complaint filed on November 10, 2016, had been served on Deceased.[11]

Approximately eight months later, on July 7, 2017, Progressive moved for summary judgment, asserting that (1) it could not be held liable as Appellants' uninsured/underinsured motorist insurance carrier because Appellants failed to properly and timely bring an action against and serve with process either Deceased's personal representative or properly appointed administrator ad litem prior to the running of the applicable statute of limitations and that (2) the order entered by the trial court appointing Sexton as administrator ad litem was void due to the circuit court lacking subject matter jurisdiction. According to Progressive, "In order to impose liability on an uninsured motorist . . . the plaintiff must not only serve the uninsured motorist carrier, but must also properly serve the alleged tortfeasor within the applicable statute of limitations." *See Liput*, 405 S.W.3d at 671. A plaintiff who fails to establish legal liability against a defendant tortfeasor cannot impose liability upon the uninsured motorist carrier for the acts of the same tortfeasor. *Winters v. Estate of Jones*, 932 S.W.2d 464, 465-66 (Tenn. Ct. App. 1996). As long as a viable cause of action exists against a tortfeasor, the insurer has a right of subrogation for any payments made on the tortfeasor's behalf. *Id*. at 466. As noted further in *Winters*,

> [T]he statute was not meant to benefit the insured at the cost of stripping the insurer of its right to recover against the tortfeasor. Thus the requirement of service upon the tortfeasor is not imposed on the plaintiff as an empty formality, but as a practical means of maintaining the insurer's right to recover from the responsible party, once it has paid the policyholder.

---

[8]If no person will administer the estate of a deceased plaintiff or defendant, the suit may be revived by or against the heirs of the decedent.

[9] The order was served on Progressive.

[10] This motion was served on Progressive. Only later did Deceased receive it.

[11] The statute of limitations expired on November 9, 2016.

*Id.*

As noted earlier, under Tennessee Code Annotated section 28-3-104, all actions for personal injury must be commenced within one year from the date of injury. However, when the tortfeasor is deceased, "the statute of limitations for the original action will toll for the period of time between death and the appointment of the personal representative, up to six months following death." Tenn. Code Ann. § 28-1-110; *see also Vaughn v. Morton*, 371 S.W.3d 116, 118 (Tenn. Ct. App. 2012). As noted by Progressive, in this case

> the subject accident occurred on May 11, 2015 and Otto Muenzel, Jr. died on November 14, 2015. . . . As such, 186 days elapsed between the subject motor vehicle accident and Otto Muenzel, Jr.'s death. Pursuant to Tennessee Code Annotated § 28-1-110, the statute of limitations tolled for six months beginning on the date of his death, as an estate was never opened for [defendant] Muenzel. This six-month tolling period extended from November 14, 2015 to May 14, 2016 when the statute of limitations once again began to run. At that time, 179 days remained on the one-year statute of limitations, meaning the statute of limitations ran in this matter on November 9, 2016. Thus, [Appellants] had until November 9, 2016 to have an Administrator Ad Litem appointed for the Estate of Otto Muenzel, Jr. and to amend their complaint to add the Administrator Ad Litem as the proper defendant.

Under the facts of this case, according to Progressive, Appellants failed to timely bring an action against and serve process on a properly appointed administrator ad litem prior to the running of the applicable statute of limitations. Progressive further argued that Tennessee Code Annotated section 30–1–109(a) does not give the circuit court authority to appoint an administrator ad litem.

Appellants filed their response three months later on the morning of the October 11, 2017 hearing. They claimed that Progressive had waived its defense regarding the trial court's lack of subject matter jurisdiction. Appellants noted that Progressive was served with a copy of the October 2016 Order of Revivor. They contended that prior to the expiration of the statute of limitations, Progressive's counsel knew it planned to argue that the court was without authority to appoint an administrator ad litem but chose not to bring the issue to the court's attention.[12] According to Appellants, it was incumbent upon

---

[12]Progressive's counsel told the court that his client did not "have any knowledge that an administrator ad litem had been appointed in this matter until "sometime after October 27, 2016."

Progressive to file an amended answer raising the affirmative defense prior to the running of the statute of limitations. They argued that Progressive owed a duty of candor to the trial court.

Rule 9.01 of the Tennessee Rules of Civil Procedure requires that an issue as to the legal capacity of a party to be sued in a representative capacity be raised by specific averment. In the past, in a case involving section 20-5-103, the Supreme Court held:

> An action against an alleged tortfeasor who is deceased can only be prosecuted against the personal representative of such decedent. To raise the issue of lack of legal existence or capacity in this case, it was necessary that defendant . . . assert in clear and unmistakable English, that has a single meaning, to wit: that no party having the legal capacity to represent the decedent has been sued or served with process . . . .
>
> . . . [W]e hold that defendant did not raise by motion or by specific negative averment the issue of the legal existence of the estate in the first action. Therefore, defendant waived that issue.

*Goss v. Hutchins*, 751 S.W.2d 821, 826 (Tenn. 1988). However, effective July 1, 2009, Rule 12.08 of the Tennessee Rules of Civil Procedure was amended to permit raising the defense of lack of capacity under Rule 9.01 as late as at the "trial on the merits." *See* 3 Tenn. Prac. Rules of Civil Procedure Ann. § 12:10 (4th ed.) (Author's Comments); Rule 12.08 Advisory Comments (2009).

In the alternative, Appellants asserted that they could still proceed against Progressive in a direct action pursuant to Tennessee Code Annotated section 56-7-1206(d). Appellants did not raise any argument that the circuit court had jurisdiction to appoint an administrator ad litem, nor did they argue that the trial court should have transferred a portion of the case to a court possessing subject matter jurisdiction over the relevant issue.

At the hearing on October 11, 2017, the court stated as follows: "It is the opinion of this Court that the order appointing Mr. Sexton administrator ad litem was beyond the jurisdiction of this Court and therefore void . . . because the Court didn't have jurisdiction to appoint him. . . ." The court's order, filed on November 8, 2017, allowed Appellants to pursue Progressive as a party defendant under Tennessee Code Annotated section 56-7-1206(d), pursuant to which a plaintiff may proceed directly against an uninsured motorist carrier "in the event that service of process against the uninsured motorist . . . is returned by the sheriff or other process server marked, 'Not to be found in my county,' or

words to that effect . . . ." According to Appellants, because Muenzel "was not found for service of process purposes" (he was deceased and not available for service of process), they had fully complied with the uninsured motorist statute and could proceed in a direct action against Progressive, their own uninsured motorist insurance carrier.

On October 25, 2017, counsel for Deceased filed a motion to dismiss for lack of jurisdiction, insufficient service of process, and failure to state a claim from which relief could be granted. Progressive filed a motion for reconsideration that argued the provision of the uninsured motorist carrier statute that the court had relied upon applies only when the whereabouts of the alleged tortfeasor are unknown—not when the known tortfeasor is deceased. Appellants' responses failed to contest the finding of the trial court that it lacked subject matter jurisdiction to appoint an administrator ad litem and did not argue that the court should have transferred the action. On January 26, 2018, the trial court found as follows:

> As already held by Senior Judge Donald Harris, the Circuit Court lacked subject matter jurisdiction to appoint an administrator ad litem for the Estate of Otto Muenzel, Jr. pursuant to Tennessee Code Annotated § 30-1-109 and as such, the Circuit Court's Order appointing attorney Charles Sexton as the administrator ad litem for the Estate of Otto Muenzel, Jr. is void and could have been challenged by the Defendants at any time. Therefore, the Plaintiffs failed to file an action against a proper party defendant pursuant to Tennessee Code Annotated § 20-5-103 within the applicable statute of limitations.
>
> This matter does not fit into the category of those cases where a direct action against unnamed defendant Progressive Hawaii Insurance Corporation, the plaintiffs' uninsured motorist carrier, would be appropriate pursuant to Tennessee Code Annotated §56-7-1206(d). The legislature prescribed a course of action as found in Tennessee Code Annotated § 20-5-103 for the Plaintiffs to follow when Otto Muenzel, Jr. died. As this procedure was not followed, the Plaintiffs' failed to obtain good service of process against a proper party defendant preventing them from bringing a direct action.

Appellants filed this timely appeal.

## II. ISSUES

We restate the issues raised on appeal by Appellants as follows:

A.  Whether the circuit court erred in finding that it lacked subject matter jurisdiction to appoint an administrator ad litem for Deceased where no binding precedent prevented the court from appointing one, and the circuit court as a court of general jurisdiction either retained jurisdiction to appoint the administrator ad litem or had concurrent jurisdiction with the chancery court to make the appointment.

B.  Whether the circuit court should have transferred the appointment of the administrator ad litem to chancery court pursuant to Tennessee Code Annotated section 16-1-116.

Progressive added the following issues:

C.  Whether the circuit court correctly found, twice, that it lacked subject matter jurisdiction to appoint an administrator ad litem for Deceased based upon Tennessee Code Annotated section 30-1-109's grant of subject matter jurisdiction for the appointment of administrator ad litems to probate courts, chancery courts, and any other court having chancery jurisdiction.

D.  Whether the circuit court could have properly applied Tennessee Code Annotated section 16-1-116 in this matter to transfer some portion of Appellants' action to another court and if so, whether the circuit court erred in failing to consider section 16-1-116 on its own initiative when Appellants failed to request the transfer.

E.  Whether Appellants waived their right to present their issues for the first time on appeal when neither argument was made in the trial court proceeding.

Deceased raised further issues:

F.  Whether Tennessee Code Annotated section 30-1-109 is the controlling statute for the appointment of an administrator ad litem in place of a tortfeasor who dies before the commencement of a lawsuit.

G.  Whether the circuit court has concurrent jurisdiction with chancery and probate courts to appoint an administrator ad litem.

H.  Whether the circuit court had the authority to transfer the appointment of the administrator ad litem to chancery or probate court pursuant to section 16-1-116.

## III.  STANDARD OF REVIEW

The Tennessee Supreme Court has held the following:

Subject matter jurisdiction involves the court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction is conferred by statute or the Tennessee Constitution; the parties cannot confer it by appearance, plea, consent, silence, or waiver. *Any order entered by a court lacking jurisdiction over the subject matter is void.* Therefore, subject matter jurisdiction is a threshold inquiry, which may be raised at any time in any court.

*Johnson v. Hopkins*, 432 S.W.3d 840, 843-44 (Tenn. 2013) (citations omitted) (emphasis added).  To determine whether a trial court possessed subject matter jurisdiction to enter an order, this court "must ascertain whether the Tennessee Constitution, the Tennessee General Assembly, or the common law have conferred upon the court the power to adjudicate the case before it." *Andrews v. Clemmer*, No. W2012-00986-COA-R3-CV, 2013 WL 776073, at *2 (Tenn. Ct. App. Feb. 28, 2013).  "Since a determination of whether subject matter jurisdiction exists is a question of law, [the] standard of review is de novo, without a presumption of correctness." *Id.* (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000)).

The party arguing that subject matter jurisdiction does exist has the burden of proof. *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012); *Redwing v. Catholic Bishop for the Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012).  When subject matter jurisdiction is facially challenged, like this case before us, "it's a challenge to the complaint itself." *Ritchie v. Tennessee Bd. of Probation and Parole*, No. M2015–00187–COA–R3–CV, 2015 WL 6671336, at *2 (Tenn. Ct. App. 2015); *see Schutte v. Johnson*, 337 S.W.3d 767, 769 (Tenn. Ct. App. 2010).  The factual allegations in the plaintiff's complaint are presumed to be true. *Ritchie*, 2015 WL 66713336, at *2.

Motions to dismiss are governed by Rule 12.02 of the Tennessee Rules of Civil Procedure and may include motions based on failure to state a claim upon which relief may be granted. According to Rule 12.02: "If, on a motion asserting the defense [of] failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment[.]" Tenn. R. Civ. P. 12.02. However, "even though the trial court consider[s] matters outside the pleading, the motion [is] still properly treated as a motion to dismiss since it involves [the] issue[] of service of process." *Milton v. Etezadi*, No. E2012-00777-COA-R3-CV, 2013 WL 1870052, at *3 (Tenn. Ct. App. May 3, 2013). When ruling on a motion to dismiss regarding service of process, a trial court may properly consider matters outside the pleadings without converting the motion to one for summary judgment. *Id.*, 2013 WL 1970052, at *3-4.

The same is not true of motions to dismiss predicated on the expiration of the statute of limitations as they may be properly raised as a motion to dismiss for failure to state a claim upon which relief may be granted. *See Young ex. rel. Young v. Kennedy*, 249 S.W.3d 536, 549 (Tenn. Ct. App. 2013) (citing Tenn. R. Civ. P. 12.02(6)) (holding that a motion to dismiss based upon the expiration of the statute of limitations is properly brought as a motion to dismiss for failure to state a claim upon which relief may be granted). Such motions to dismiss raising this defense may be converted to motions for summary judgment where the trial court considers matters outside the pleadings.

When we are required to interpret statutes, our role "is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 514 (Tenn. 2005). The intent of the legislature is determined "from the natural and ordinary meaning of the statutory language within the context of the whole statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000).

## IV. DISCUSSION

Appellees contend that Appellants did not properly obtain the appointment of an administrator ad litem pursuant to Tennessee Code Annotated section 30-1-109, amend their complaint to bring the action against the administrator ad litem specifically, and serve the administrator ad litem with process within the applicable statute of limitations. Specifically, Appellees argue that the circuit court lacked subject matter jurisdiction to appoint the administrator ad litem and that the order of appointment was void. They contend that Appellants had until November 9, 2016 to have an administrator ad litem properly appointed over Muenzel's estate and substituted as the proper defendant.[13]

---

[13] Tenn. Code Ann. § 28-1-110 tolled the statute of limitations for six months.

Because an administrator ad litem was not properly appointed prior to the expiration of the statute of limitations, Appellees assert that the action filed against Deceased did not commence an action against the proper party for purposes of the statute of limitations. They contend that under Tennessee law, a plaintiff must properly commence an action against an underlying tortfeasor to seek liability against the uninsured/underinsured motorist carrier:

> Without properly commencing the case against the tortfeasor, within the applicable statute of limitations, no liability against the uninsured motorist carrier could be imposed. Thus, in order to impose liability on an uninsured motorist carrier . . . the plaintiff must not only serve the uninsured motorist carrier, but must also properly serve the alleged tortfeasor within the applicable statute of limitations.

*Liput*, 405 S.W.3d at 671 (citing *Webb v. Werner*, 163 S.W.3d 716 (Tenn. Ct. App. 2004)).

In this case, which originated in the circuit court as a civil lawsuit for liquidated damages, the issue of the administrator ad litem arose simply as one discrete piece necessary for the case to proceed. In our view, the trial court erred in signing the paperwork to name Sexton as the administrator ad litem, as the circuit court judge lacked the jurisdiction to appoint him. Tennessee Code Annotated section 16-16-201(a) provides that "the chancery court . . . shall have exclusive jurisdiction over . . . the administration of estates of every nature, including the estates of decedents . . . and all matters relating thereto . . . ." It is only by the appointment of an administrator ad litem that the action could go forward. As Appellants allowed the cause of action against the tortfeasor to lapse by not properly serving the administrator ad litem, they are precluded from obtaining a recovery from the insurer as well. "A plaintiff who fails to establish legal liability against a defendant tortfeasor cannot impose liability upon her uninsured motorist carrier for the acts of that same tortfeasor." *Winters*, 932 S.W.2d at 465-66. Further, "if the statute of limitations ha[s] run against the uninsured motorist, a direct action [cannot be] maintained against the uninsured motorist carrier." *Bates v. Greene*, No. W2016-01868-COA-R3-CV, 2017 WL 3206599, at *6 (citing *Buck v. Scalf*, No. M2002-00620-COA-R3-CV, 2003 WL 21170328, at *4 (Tenn. Ct. App. May 20, 2003)). The *Winters* court noted that the requirement of service upon the tortfeasor is imposed on a plaintiff "as a practical means of maintaining the insurer's right to recover from the responsible party, once it has paid the policyholder. . . ." *Id.* A plaintiff therefore "must first commence a proper claim against [the tortfeasor] before invoking potential liability against the uninsured motorist insurance carrier." *Davis v. Grange Mut. Cas. Grp.*, No. M2016-02239-COA-R3-CV, 2017 WL 4331041, at *3 (Tenn. Ct. App. Sep. 28, 2017).

Despite our courts providing that where "no personal representative exists . . . the injured person may petition the chancery court to appoint an Administrator Ad Litem for the limited purpose of serving as the defendant in the lawsuit," *Ferrell v. Ivey*, No. M2013-00856-COA-R3-CV, 2013 WL 6228153 (Tenn. Ct. App. Nov. 27, 2013)(citing *Vaughn v. Morton*, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012)), no personal representative of Muenzel was properly appointed prior to the expiration of the one-year statute of limitations for personal injury actions. Therefore, the present action appears to be time barred.

## 16-10-111

Appellants seek to rely on Tennessee Code Annotated section 16-10-111:

> Any suit of equitable nature, brought in the circuit court, where objection has not been taken to the jurisdiction, may be transferred to the chancery court of the county, or heard and determined by the circuit court upon the principles of a court of equity, with the power to order and take all proper accounts and otherwise to perform the functions of a chancery court.

Tenn. Code Ann. 16-10-111. This statute typically applies when an equitable lawsuit is brought in the circuit court by mistake. *See Berman v. McHugh*, No. 01-A-01-9002-CV-00090, 1990 WL 212157 (Tenn. Ct. App. Dec. 28, 1990) (citing *Hamilton Nat. Bank v. Champion*, 303 S.W.2d 731 (Tenn. 1957)). Here, however, Appellants brought a suit in circuit court sounding in law seeking a monetary judgment, over which the circuit court has exclusive jurisdiction. Tenn. Code Ann. § 16-11-102. Accordingly, the circuit court could not transfer the entire matter to chancery court. Further, the appointment of the administrator ad litem does not constitute a "suit" in equity.

## 16-1-116

Tennessee Code Annotated section 16-1-116 provides as follows:

> Notwithstanding any other provision of law or rule of court to the contrary, when an original civil action . . . is filed in a state or county court of record or a general sessions court and such court determines that it lacks jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was originally filed. Upon such a transfer, the action or appeal shall proceed as if it had

been originally filed in the court to which it is transferred on the date upon which it was actually filed in the court from which it was transferred.

Tenn. Code Ann. § 16-1-116. This statute "provides that a trial court may transfer a case that was incorrectly filed 'to any other such court in which the action or appeal could have been brought,' when the trial court determines that the interests of justice would be served by such a transfer." *Turner v. State*, 184 S.W.3d 701, 706 (Tenn. Ct. App. 2005). Here, the case could not be transferred to chancery court because the circuit court did not "lack[] jurisdiction" over the "original civil action[]." The circuit court clearly had jurisdiction to award the damages requested. *See Benson v. Herbst*, 240 S.W.3d 235, 241 n. 4 (Tenn. Ct. App. 2007).

Additionally, the circuit court could not have transferred the whole action to the chancery court, as the circuit courts possess exclusive jurisdiction over suits seeking unliquidated damages for injuries to persons over $25,000. Tenn. Code Ann. § 16-11-102. Thus, transfer of the case in its entirety would have resulted in further jurisdictional issues. If Appellants are arguing that the circuit court should have transferred the motion seeking the appointment of the administrator ad litem, a motion does not constitute an "original civil action" and cannot be transferred on its own to another court.

To rely on the transfer provisions of the statute, Appellants further had to establish that they had an action to transfer, as state law does not allow a plaintiff to maintain an action against a deceased tortfeasor. *Brooks*, 254 S.W.2d at 737 (Tenn. 1953). A court's order allowing the substitution of the decedent's personal representative, not the previously filed complaint against the decedent, "mark[s] the commencement of the action." *See Carpenter v. Johnson*, 514 S.W.2d 868, 870 (Tenn. 1974). In this case, because the circuit court did not have the authority to appoint an administrator ad litem, the order of the circuit court appointing Sexton was void. As the Supreme Court explained in *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998),

A void judgment [or order] is one in which the judgment [or order] is facially invalid because the court did not have the authority to render such a judgment [or order]. A voidable judgment [or order] is one which is facially valid and requires proof beyond the face of the record or judgment to demonstrate its voidableness.

*Id.* at 529 (internal citations omitted). In the case at bar, the order designating Sexton as administrator ad litem was facially invalid because the circuit court did not have subject matter jurisdiction to enter such an order. As the original complaint against Deceased could not be transferred because Deceased was not a proper party defendant, this matter was not subject to transfer. *See In re Estate of Brown*, 402 S.W.3d at 198; *In re Estate of*

- 14 -

*Salmons*, No. E2017-00389-COA-R3-CV, 2018WL1324954, at *9 (Tenn. Ct. App. Mar. 14, 2018).  The amended complaint did not abate the action and toll the statute of limitations.  *Id.*

In *Elliott v. Akey*, No. E2004-01478-COA-R3-CV, 2005 WL 975510, at *3 (Tenn. Ct. App. Apr. 27, 2005), we found that "[n]o request for transfer was made by the Plaintiff pursuant to Tenn. Code Ann. § 16-1-116.  Such a transfer, if it had been requested, would have been in the discretion of the trial court.  We do not find that the trial court abused its discretion or committed any error by not transferring the case on its own motion."  As noted in *Turner*, 184 S.W.3d at 705, "[t]ransfer pursuant to this section is not, however, automatic; rather, the trial court determines, in its discretion, whether the transfer is warranted." In our view, the circuit court did not err in failing to consider on its own initiative whether to transfer some portion of Appellants' action due to the lack of subject matter jurisdiction, when Appellants never requested it.

## V.  CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for further proceedings pursuant to applicable law.  Costs of appeal are taxed to Appellants, Bill E. Owens and Sandra S. Madden.

_____
JOHN W. McCLARTY, JUDGE